IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § No. 5-11CR0040-C |
| | § |
| CHANZE LAMOUNT PRINGLER (1) | § |
| MEGAN LEE NORMAN (2) | § |

INDICTMENT

The Grand Jury Charges:

Count One
Conspiracy to Commit Sex Trafficking of a Child
(Violation of 18 U.S.C. § 371)

A.   OBJECT OF THE CONSPIRACY

From on or about March 9, 2011, through on or about March 30, 2011, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Chanze Lamount Pringler and Megan Lee Norman**, defendants, conspired and agreed with each other, in and affecting interstate and foreign commerce, to commit offenses against the United States, that is, to (a) recruit, entice, harbor, transport, provide, obtain, and maintain by any means, a minor female, knowing, and in reckless disregard of the fact, that the minor female had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(1); and to (b), benefit financially and receive a thing of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by

any means, a minor female, knowing, and in reckless disregard of the fact, that the minor female had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(2).

      B.      <u>MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED</u>

The object of the conspiracy was to be accomplished, in substance, as follows:

1.      Defendant **Chanze Lamount Pringler** would recruit a minor female, "Jane Doe," to work as a prostitute for defendant **Chanze Lamount Pringler**.

2.      Defendant **Chanze Lamount Pringler** would provide "Jane Doe" and Defendant **Norman** with food, shelter, and marijuana, and would use the proceeds of the prostitution activities of "Jane Doe" and of Defendant **Norman** to pay for the food, shelter, and marijuana.

3.      Defendants **Chanze Lamount Pringler** and **Megan Lee Norman** would advertise the prostitution services of "Jane Doe" and Defendant **Norman**, by using a computer purchased by Defendants **Pringler** and **Norman**, to post, by way of the Internet, the advertisements on the website "backpage.com."

4.      Defendants **Chanze Lamount Pringler** and **Megan Lee Norman** would obtain and use a Netspend Ace Visa prepaid card to use for the purpose of paying, by way of the Internet, for advertising of the prostitution services on the website "backpage.com."

5.  Defendant **Chanze Lamount Pringler** would drive Defendant **Megan Lee Norman** and "Jane Doe," the minor female, to various hotels and other locations to engage in prostitution activity.

6.  Defendants **Chanze Lamount Pringler** and **Megan Lee Norman** would collect the money "Jane Doe," the minor female, earned for performing commercial sex acts.

C.  OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants **Chanze Lamount Pringler** and **Megan Lee Norman** committed various overt acts within the Northern District of Texas, and elsewhere, including, but not limited to, the following:

1.  On or about March 9, 2011, defendant **Chanze Lamount Pringler** communicated by telephone with "Jane Doe," a minor female, concerning her location, where she was at the time a runaway.

2.  On or about March 9, 2011, defendants **Chanze Lamount Pringler** and **Megan Lee Norman** picked up, and provided transportation to, by way of automobile, "Jane Doe," a minor female, from a hotel in Lubbock, Texas. Defendant **Chanze Lamount Pringler** then transported Defendant **Megan Lee Norman** and "Jane Doe" to the Studio 6 motel, 4521 Marsha Sharp Freeway, Lubbock, Texas, for the purpose of

providing a location from which to conduct prostitution activities by **Norman** and "Jane Doe."

3. From on or about March 9, 2011, through on or about March 30, 2011, Defendants **Chanze Lamount Pringler** and **Megan Lee Norman** used and maintained a Netspend Ace Visa prepaid card for the purpose of paying for advertisements offering prostitution services by Defendant **Norman** and "Jane Doe," by way of the Internet, at the website "backpage.com."

4. On or about March 15, 2011, at approximately 6:28 p.m., Defendants **Chanze Lamount Pringler** and **Megan Lee Norman**, posted an advertisement, by way of the Internet, on the website "backpage.com," offering prostitution services by Defendant **Norman** and "Jane Doe," under the category "escorts."

5. On or about March 15, 2011, at approximately 6:34 p.m., Defendants **Chanze Lamount Pringler** and **Megan Lee Norman**, posted an advertisement, by way of the Internet, on the website "backpage.com," offering prostitution services by Defendant **Norman** and "Jane Doe," under the category "escorts."

6. On or about March 16, 2011, Defendants **Chanze Lamount Pringler** and **Megan Lee Norman**, caused "Jane Doe" to meet with a customer at the Studio 6 motel, 4521 Marsha Sharp Freeway, Lubbock, Texas, and to engage in a commercial sex act.

7. On or about March 16, 2011, Defendants **Chanze Lamount Pringler** and **Megan Lee Norman**, caused Defendant **Norman** and "Jane Doe" to meet with a person

who they believed to be a customer, for the purpose of engaging in a commercial sex act at the Studio 6 motel, 4521 Marsha Sharp Freeway, Lubbock, Texas, but which person was in actual fact an undercover police officer.

8. On or about March 17, 2011, defendant **Chanze Lamount Pringler** transported Defendant **Megan Lee Norman** and "Jane Doe" to the Tech Inn, 3107 Clovis Road, Lubbock Texas, for the purpose of providing a location from which to conduct prostitution activities by **Norman** and "Jane Doe."

9. On or about March 20, 2011, defendant **Chanze Lamount Pringler** transported Defendant **Megan Lee Norman** and "Jane Doe" to the Red Roof Inn, 6624 Interstate 27, Lubbock, Texas, for the purpose of providing a location from which to conduct prostitution activities by **Norman** and "Jane Doe."

10. On or about March 23, 2011, at approximately 5:40 p.m., Defendants **Chanze Lamount Pringler** and **Megan Lee Norman**, posted an advertisement, by way of the Internet, on the website "backpage.com," offering prostitution services by Defendant **Norman** and "Jane Doe," under the category "escorts."

11. On or about March 23, 2011, at approximately 5:46 p.m., Defendants **Chanze Lamount Pringler** and **Megan Lee Norman**, posted an advertisement, by way of the Internet, on the website "backpage.com," offering prostitution services by Defendant **Norman** and "Jane Doe," under the category "escorts."

12. On or about March 28, 2011, defendant **Chanze Lamount Pringler** transported Defendant **Megan Lee Norman** and "Jane Doe" to the Overton Hotel, 2322 Mac Davis Lane, Lubbock, Texas, for the purpose of providing a location from which to conduct prostitution activities by **Norman** and "Jane Doe."

13. On or about March 29, 2011, Defendants **Chanze Lamount Pringler** and **Megan Lee Norman**, posted an advertisement, by way of the Internet, on the website "backpage.com," offering prostitution services in a room on the "15th floor at the overton," by Defendant **Norman** and "Jane Doe," under the category "escorts."

14. On or about March 30, 2011, Defendants **Chanze Lamount Pringler** and **Megan Lee Norman**, posted an advertisement, by way of the Internet, on the website "backpage.com," offering prostitution services in a room on the "15th floor at the overton," by Defendant **Norman** and "Jane Doe," under the category "escorts."

15. On or about March 30, 2011, Defendants **Chanze Lamount Pringler** and **Megan Lee Norman**, caused Defendant **Norman** and "Jane Doe" to meet with a person at the Overton Hotel, 2322 Mac Davis Lane, Lubbock, Texas, who they believed to be a customer, for the purpose of engaging in a commercial sex act, but which person was in actual fact an undercover police officer.

All in violation of Title 18, United States Code, Section 371.

<u>Count Two</u>
Sex Trafficking of a Child
(Violation of 18 U.S.C. § 1591(a)(1) and (2))

From on or about March 9, 2011, through on or about March 30, 2011, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Chanze Lamount Pringler** and **Megan Lee Norman**, defendants, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, and benefitted financially and received a thing of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained, in and affecting interstate or foreign commerce, "Jane Doe," knowing, and in reckless disregard of the fact, that "Jane Doe" had not attained the age of 18 years and that "Jane Doe" would be caused to engage in a commercial sex act.

All in violation of Title 18, United States Code, Section 1591(a)(1) and (2).

<u>Count Three</u>
Conspiracy to Engage in Sex Trafficking of a Child
(Violation of 18 U.S.C. § 1594(c))

From on or about March 9, 2011, through on or about March 30, 2011, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Chanze Lamount Pringler** and **Megan Lee Norman**, defendants, conspired with each other to knowingly, in and affecting interstate or foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means, and to benefit financially and receive a thing of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, "Jane Doe," knowing, and in reckless disregard of the fact, that "Jane Doe" had not attained the age of 18 years, and that "Jane Doe" would be caused to engage in a commercial sex act.

All in violation of Title 18, United States Code, Section 1594(c).

A TRUE BILL

_____
FOREPERSON

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
STEVEN M. SUCSY
Assistant United States Attorney
Texas State Bar No. 19459200
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Tel.: 806.472.7351
Fax: 806.472.7394
E-mail: steve.sucsy@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

THE UNITED STATES OF AMERICA

v.

CHANZE LAMOUNT PRINGLER (1)
MEGAN LEE NORMAN (2)

INDICTMENT

18 U.S.C. § 371,
Conspiracy to Commit an Offense
Against the United States (1 Count);

18 U.S.C. § 1591(a),
Sex Trafficking of a Child (1 Count); and

18 U.S.C. § 1594(c),
Conspiracy to Engage in
Sex Trafficking of a Child (1 Count).

A true bill rendered,

LUBBOCK, TEXAS                                    Foreperson

Filed in open court this 1st day of June, A.D. 2011

                                                              Clerk

WRIT TO ISSUE FOR DEFENDANT PRINGLER, IN STATE CUSTODY
DEFENDANT NORMAN ALREADY IN FEDERAL CUSTODY

United States District/Magistrate Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No   New Defendant: ☐ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number: _____

Search Warrant Case Number _____

1. **Defendant Information**

    Juvenile: ☐ Yes ☒ No

    If Yes, Matter to be sealed:

    ☐ Yes   ☐ No

    Defendant Name   Megan Lee NORMAN
    Alias Name   _____
    Address   _____

    5-11CR0040-C

    County in which offense was committed:   Lubbock

2. **U.S. Attorney Information**

    AUSA   STEVEN M. SUCSY           Bar #   TX 19459200

3. **Interpreter**

    ☐ Yes ☒ No   If Yes, list language and/or dialect: _____

4. **Location Status**

    Arrest Date   _____

    ☒ Already in Federal Custody as of _____ in _____

    ☐ Already in State Custody

    ☐ On Pretrial Release

5. **U.S.C. Citations**

    Total # of Counts as to This Defendant:   3   ☐ Petty  ☐ Misdemeanor  ☒ Felony

    | Citation | Description of Offense Charged | Count(s) |
    |---|---|---|
    | 18 U.S.C. § 371 | Conspiracy to Commit Sex Trafficking of a Child | 1 |
    | 18 U.S.C. § 1591(a)(1) & 2 | Sex Trafficking of a Child | 2 |
    | 18 U.S.C. § 1594(c) | Conspiracy to Engage in Sex Traffickuing of a Child | 3 |

    (May be continued on reverse)

Date   6-1-11

Signature of AUSA:   Steven M. Sucsy

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☐ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number: _____

Search Warrant Case Number _____

1. **Defendant Information**

    Juvenile: ☐ Yes ☒ No

    If Yes, Matter to be sealed:

    ☐ Yes   ☐ No

    Defendant Name    Chanze Lamount PRINGLER
    Alias Name        _____
    Address           _____

    5-11CR0040-C

    County in which offense was committed:    Lubbock

2. **U.S. Attorney Information**

    AUSA    **STEVEN M. SUCSY**        Bar #    TX 19459200

3. **Interpreter**

    ☐ Yes ☒ No    If Yes, list language and/or dialect: _____

4. **Location Status**

    Arrest Date    _____

    ~~☐~~ Already in Federal Custody as of _____ in Lubbock, TX

    ☒ Already in State Custody

    ☐ On Pretrial Release

5. **U.S.C. Citations**

    Total # of Counts as to This Defendant: __3__    ☐ Petty   ☐ Misdemeanor   ☒ Felony

    | Citation | Description of Offense Charged | Count(s) |
    |---|---|---|
    | 18 U.S.C. § 371 | Conspiracy to Commit Sex Trafficking of a Child | 1 |
    | 18 U.S.C. § 1591(a)(1) & 2 | Sex Trafficking of a Child | 2 |
    | 18 U.S.C. § 1594(c) | Conspiracy to Engage in Sex Traffickuing of a Child | 3 |

    (May be continued on reverse)

    Date    6-1-11        Signature of AUSA: _(signed)_
                          Steven M. Sucsy